UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NAJEE FOREMAN,<br><br>      Plaintiff,<br><br>  v.<br><br>OTSUKA AMERICA PHARMACEUTICAL, INC., BRISTOL-MYERS SQUIBB CO., WALGREEN CO., CVS PHARMACY, INC., CLAXTON-GRAVES, INC., and JOHN DOES 1-3,<br><br>      Defendants. | Case No.   4:17-CV-89-WTM/GRS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Otsuka America Pharmaceutical, Inc. ("OAPI") and Bristol-Myers Squibb Company ("BMS") hereby give notice of the removal of this action, titled *Najee Foreman v. Otsuka America Pharmaceutical, Inc. et al.*, bearing Civil Action No. STCV1700576, from the State Court of Chatham County, Georgia to the United States District Court for the Southern District of Georgia, Savannah Division.

As grounds for removal, OAPI and BMS state as follows:

**I. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY**

  1. On April 12, 2017, Plaintiff Najee Foreman filed a Complaint for Damages and Demand for Jury Trial (the "Complaint") in the State Court of Chatham County, Georgia, arising from Plaintiff's alleged use of the prescription drug Abilify®. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached as Exhibit A.

  2. On April 17, 2017, Plaintiff served copies of the Complaint and Summons on OAPI and BMS. Pursuant to 28 U.S.C. § 1446(a), true and legible copies of the Summonses are

attached as Exhibit B. No other process, pleadings, or orders have been served upon OAPI and BMS, and no other return of service of process has been filed with the State Court of Chatham County, Georgia.

3. In accordance with 28 U.S.C. § 1446(b), the instant Notice of Removal is timely filed within thirty (30) days of OAPI's and BMS's receipt through service of the Complaint and Summons.

4. No further pleadings have been filed, and no proceedings have yet occurred in this action in the State Court of Chatham County, Georgia.

5. Venue for removal is proper in the United States District Court for the Southern District of Georgia, because Chatham County, Georgia, where this suit was originally filed, is within the Southern District of Georgia. *See* 28 U.S.C. §§ 1441(a), 1446(a).

6. OAPI and BMS base removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II.   STATUTORY BASIS FOR JURISDICTION

7. OAPI and BMS remove this action on the basis on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 and the doctrine of fraudulent joinder.

8. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. There is complete diversity between Plaintiff and all properly joined Defendants.

### A.   There Is Complete Diversity Between the Properly Joined Parties

9. Plaintiff Najee Foreman is a citizen of the State of Georgia. *See* Ex. A ¶ 1.

10. Defendants OAPI and BMS are citizens of states other than Georgia. *See id.* ¶¶ 2-3.

11. The Complaint alleges that Defendant OAPI "is a Delaware corporation having its principal place of business at 2440 Research Boulevard, Rockville, MD 20850." *Id.* ¶ 2.

12. The Complaint alleges that Defendant BMS "is a Delaware corporation having its principal place of business at 345 Park Avenue, Suite 1060, New York, NY 10154." *Id.* ¶ 3.

13. Defendants Walgreen Co. ("Walgreen"), CVS Pharmacy, Inc. ("CVS"), and Claxton-Graves, Inc. ("Claxton-Graves") (collectively, the "Pharmacy Defendants") are fraudulently joined. Therefore, the citizenship of the Pharmacy Defendants, including the alleged Georgia citizenship of Claxton-Graves, must be ignored for purposes of determining the Court's subject matter jurisdiction. Furthermore, because the Pharmacy Defendants are fraudulently joined, they are not required to join in or consent to removal.

14. Defendants John Does 1-3 are fraudulently joined and are sued under fictitious names. Therefore, the citizenship of John Does 1-3 must be ignored for purposes of determining the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"). Furthermore, because John Does 1-3 are fraudulently joined and sued under fictitious names, they are not required to join in or consent to removal.

15. Because Plaintiff is a citizen of Georgia, and OAPI and BMS—the only Defendants who are properly joined and not sued under fictitious names—are citizens of states other than Georgia, complete diversity of citizenship exists between Plaintiff and the properly joined Defendants. *See* 28 U.S.C. §§ 1332 and 1441.

**B.      Defendants Walgreen, CVS, and Claxton-Graves Are Fraudulently Joined**

16.     Plaintiff has fraudulently joined the Pharmacy Defendants.  Therefore, the citizenship of the Pharmacy Defendants should be disregarded for purposes of determining diversity of citizenship, and the Pharmacy Defendants need not join in or consent to the removal. *See, e.g.*, *Coney v. Mylan Pharms., Inc.*, No. 6:11-CV-35, 2011 WL 3607166, at *4 (S.D. Ga. Aug. 16, 2011) (explaining that "this Court must disregard [the] Georgia citizenship" of a fraudulently joined defendant, and that consent to removal need not be obtained from "a defendant [who] has been fraudulently joined").  Courts in this District have repeatedly found fraudulent joinder where a Georgia product liability plaintiff has attempted to join pharmacies as defendants to defeat diversity.  *See, e.g.*, *id.* at *2-4; *Yarbrough v. Actavis Totowa, LLC*, No. 4:10-CV-129, 2010 WL 3604674, at *4 (S.D. Ga. Sept. 13, 2010).  Other federal courts are in accord.  *See, e.g.*, *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 870 F. Supp. 2d 587 (S.D. Ill. 2012) (applying Alabama law); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine)*, No. CIV.A. 02-20245, 2004 WL 1102766, at *3 (E.D. Pa. May 17, 2004) (applying Mississippi law).

17.     "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  A defendant is improperly joined and its presence in the lawsuit is ignored for purposes of determining diversity where no viable cause of action has been stated against it.  *See, e.g.*, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (explaining that fraudulent joinder exists where "there is no possibility the plaintiff can establish a cause of action against the resident defendant") (citation omitted).

18.     For purposes of determining whether a party is fraudulently joined, the district court's assessment of a plaintiff's ability to establish a claim against a non-diverse party is

analogous to the summary judgment standard: "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citation omitted). *See generally Kurtts v. Chiropractic Strategies Grp., Inc.*, 481 F. App'x 462, 464 (11th Cir. 2012) ("If the non-movant fails to make a sufficient showing as to any essential element of her case for which she has the burden of proof, the moving party is entitled to judgment as a matter of law.") (citation omitted).

19. While the district court makes its determination based on the plaintiff's pleading at the time of removal, the court does not "'blindly accept whatever plaintiffs may say no matter how incredible or how contrary to the overwhelming weight of the evidence. Courts are not to decide automatically in favor of remand simply because some facts may be said to be in dispute.'" *Coney*, 2011 WL 3607166, at *3 (quoting *Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1379 (M.D. Ga. 2004)); *see also Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (stating that "[t]he potential for legal liability 'must be reasonable, not merely theoretical,'" and finding that non-diverse sales representatives were fraudulently joined in a pharmaceutical products liability case) (citation omitted).

20. The seventy-eight paragraphs of the Complaint contain no specific allegations of wrongful conduct by the Pharmacy Defendants, who are alleged only to have "provid[ed] medical supplies, prescriptions and equipment including Abilify in the stream of commerce within the State of Georgia." Ex. A ¶¶ 4-6. Indeed, Plaintiff does not even allege that he obtained Abilify from any of the Pharmacy Defendants. While each Count of the Complaint refers generally to all "Defendants," there is no reasonable possibility that Plaintiff could establish a cause of action against the Pharmacy Defendants under any of these Counts. *See*

*Yarbrough*, 2010 WL 3604674, at *4 (finding claims against pharmacies inadequate and finding pharmacies were fraudulently joined where there was "no possibility that Plaintiffs can recover against the Pharmacy Defendants on . . . the theories asserted in the Complaint").

21.     Count One of the Complaint is a claim of "Product Strict Liability – Design, Manufacturing and Warning." Ex. A ¶¶ 26-39. However, Plaintiff cannot possibly establish any strict product liability claims against the Pharmacy Defendants under Georgia law because "strict product liability applies only to a manufacturer, not a 'product seller,'" and "a pharmacist and pharmacy that package and label drugs manufactured by another are product sellers, not manufacturers, within the meaning of strict product liability." *Robinson v. Williamson*, 245 Ga. App. 17, 19, 537 S.E.2d 159, 161 (2000) (quoting O.C.G.A. § 51-1-11.1(b)); *see also, e.g.*, *Boyce v. Gregory Poole Equip. Co.*, 269 Ga. App. 891, 894, 605 S.E.2d 384, 388 (2004) ("[A] product seller of a product manufactured by another . . . is not liable in strict product liability by statute.").

22.     Counts Two and Three of the Complaint allege breaches of express and implied warranties. Ex. B ¶¶ 40-52. Under Georgia law, an express warranty is created by an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain," O.C.G.A. § 11-2-313(1)(a), but Plaintiff does not identify any express warranty made or breached by the Pharmacy Defendants, *see In re Yasmin & Yaz*, 870 F. Supp. 2d at 598 ("Because plaintiff has failed to allege any representation made by [the pharmacy], her breach of express warranty claim has no reasonable chance of success."). Furthermore, "almost every state that has considered the issue has declined to find pharmacists liable for breach of either implied or express warranty with respect to properties of prescription drugs." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 292 & n.75 (S.D.N.Y. 2001)

(citing, *inter alia*, *Presto v. Sandoz Pharms. Corp.*, 226 Ga. App. 547, 551, 487 S.E.2d 70, 75 (1997)). "The learned intermediary doctrine also protects pharmacists from implied warranty suits." *Coney*, 2011 WL 3607166, at *4 (citing *Presto*, 226 Ga. App. at 551, 487 S.E.2d at 75). This is because "Georgia pharmacies have no duty to warn consumers of risks associated with prescription drugs under the learned intermediary rule." *Id.* at *3 (citing *Chamblin v. K-Mart Corp.*, 272 Ga. App. 240, 244, 612 S.E.2d 25, 28 (2005)).

23.  Count Four of the Complaint alleges negligence. Ex. B ¶¶ 53-62. "Any form of negligence requires 'the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty.'" *Coney*, 2011 WL 3607166, at *3 (quoting *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566, 713 S.E.2d 835, 837 (2011)). Because "Georgia pharmacies have no duty to warn consumers of risks associated with prescription drugs under the learned intermediary rule . . . , [Plaintiff's] claim fails at the first step: duty." *Id.* (citing *Chamblin*, 272 Ga. App. at 244, 612 S.E.2d at 28). Nor has Plaintiff alleged how any duty was breached or how any alleged breach resulted in the injury alleged.

24.  Count Five of the Complaint alleges violations of Georgia's Fair Business Practices Act, using terms such as "deceptive" and "false and misleading." Ex. B ¶¶ 63-66. Count Six alleges fraud and intentional misrepresentation. *Id.* ¶¶ 67-74. Both of these counts allege some form of fraud, and "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff has not done so here. Moreover, under Georgia law, "an obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts," and "Georgia pharmacies have no such obligation." *Coney*, 2011 WL 3607166, at *4 (citations omitted).

### C. Defendants John Does 1-3 Are Sued Under Fictitious Names and Are Fraudulently Joined

25. Plaintiff has also named as defendants John Does 1-3. The Complaint does not plead the citizenship of John Does 1-3, but alleges that each is a "pharmacy manager" for a specific store of the Pharmacy Defendants. Ex. B ¶¶ 7-9. Accordingly, John Does 1-3 are fraudulently joined for the same reasons as the Pharmacy Defendants, and their citizenship should be disregarded for purposes of determining diversity. Furthermore, because John Does 1-3 are fraudulently joined, they are not required to join in or consent to removal.

26. As John Does 1-3 are also fictitiously joined, their citizenship is "disregarded" for purposes of determining diversity. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also, e.g.*, *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) ("[T]hat the fictitious defendants were likely Georgia citizens did not destroy complete diversity because [the removal statute] requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction.").

### D. The Pharmacy Defendants and John Does 1-3 Do Not Need to Join in or Consent to Removal

27. Fraudulently joined defendants are not required to join in or consent to removal, and their failure to do so will not defeat removal. *Coney*, 2011 WL 3607166, at *4 (citing *Pensyl v. Terminix Int'l Co.*, Civil Action No. 5:09-cv-406 (CAR), 2010 WL 1487269, at *1 n. 3 (M.D. Ga. Apr. 12, 2010)). Accordingly, neither the Pharmacy Defendants nor John Does 1-3 are required to join in or consent to removal.

28. John Does 1-3 are also not required to join in or consent to removal because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.

8

§ 1441(b)(1); *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003) ("[F]ictitious defendants need not join in or consent to removal." (citing *Green v. America Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002))); *see also, e.g.*, *Johnson v. Wellborn,* 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." (citing *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)).

29. Therefore, only the remaining Defendants—OAPI and BMS—need to consent to or join in removal.

### E. Amount in Controversy

30. Although the Complaint seeks unspecified damages, it is apparent from the Complaint that the amount in controversy here more likely than not exceeds $75,000. *See, e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). The Complaint alleges that Plaintiff's use of Abilify® caused him to develop tardive dyskinesia, characterized by "uncontrolled and abnormal movements of his upper and lower extremities." Ex. A ¶ 23. As a result, Plaintiff allegedly "has endured and will continue to endure physical and mental pain and suffering and *permanent* impairment including, but not limited to, permanent brain injury resulting in decreased cognitive function," *id.* ¶ 25 (emphasis added), requiring past and future "physical, neurological, psychiatric and/or psychological treatment, *id.* ¶ 78(C). Plaintiff is also alleged to suffer from "loss of enjoyment of life" and "diminished future income and earning capacity." *Id.* Furthermore, Plaintiff seeks treble damages under O.C.G.A. § 10-1-399(c) and punitive damages under O.C.G.A. § 51-12-5.1.

31.     Given the nature and extent of Plaintiff's alleged injuries and damages, the Complaint places at issue more than $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding the amount-in-controversy requirement satisfied where the plaintiff alleged injuries to "her right wrist, left knee and patella, and upper and lower back" and sought damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *see also, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (citing *Gebbia* with approval and agreeing with the Fifth Circuit that district courts may "appraise the worth of plaintiffs' claims based on the nature of the allegations stated in their complaints"); *Peters v. Wal-Mart Stores E., L.P.*, No. 1:13-CV-76 WLS, 2013 WL 4647379, at *2 (M.D. Ga. Aug. 29, 2013) (finding the amount in controversy satisfied because, like *Roe* and *Gebbia*, the plaintiff alleged "*permanent injuries*" and noting "that, by presently incurring damages and choosing to withhold those damages from the Court, Plaintiffs have attempted to gain a tactical advantage by shielding their case from removal to federal court").

32.     In another personal injury case involving Abilify®, Plaintiff alleged that the same purported injury of tardive dyskinesia resulted in damages in excess of $75,000. *See* Am. Compl. at 1, *Bergstresser v. Bristol-Myers Squibb Co.*, 12-civ-1464, 2013 WL 6230489 (M.D. Pa. Dec. 2, 2013), 2013 WL 3356283; *see also Clites v. State of Iowa*, 322 N.W.2d 917 (Iowa Ct. App. 1982) (affirming a general damages award of $375,000 in a tardive dyskinesia case).

33.     On these alleged facts, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

### III. NOTICE IS BEING SENT TO THE PARTIES AND FILED IN STATE COURT

34. Pursuant to 28 U.S.C. § 1446(d), OAPI and BMS are providing Plaintiff with written notice of the filing of this Notice of Removal.

35. Pursuant to 28 U.S.C. § 1446(d), OAPI and BMS are filing a copy of this Notice of Removal with the Clerk of the State Court of Chatham County, Georgia, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, OAPI and BMS hereby give notice that the above entitled state court action, formerly pending in the State Court of Chatham County, Georgia has been removed to the United States District Court for the Southern District of Georgia, Savannah Division.

Respectfully submitted,

*/s/ Patrick T. O'Connor*
PATRICK T. O'CONNOR
Georgia Bar No. 548425

*/s/ Patricia T. Paul*
PATRICIA T. PAUL
Georgia Bar No.  697845
OLIVER MANER LLP
218 West State Street
Post Office Box 10186
Savannah, Georgia 31401
Phone: 912-236-3311
Fax: 912-236-8725
pto@olivermaner.com
ppaul@olivermaner.com

*Counsel for Defendant Bristol-Myers Squibb Company*

*/s/ Kirby Mason*
KIRBY MASON
Georgia Bar No. 302310
HUNTER MACLEAN
200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Phone:  912-236-0261
Fax:  912-236-4936
kmason@huntermaclean.com

*Counsel for Defendant Otsuka America Pharmaceutical, Inc.*

Dated:  May 17, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017, a true and correct copy of the foregoing has been sent to counsel listed below via U.S. Mail.

Ashleigh R. Madison
Southeast Law, LLC
2107 Bull Street
Savannah, GA 31401
Phone:  912-662-6612
Fax:  877-417-2943
southeastlaw@gmail.com

Dondra Bass O'Neal
Bass Law, LLC
24 Commerce Place, Suite A
Savannah, Georgia 31406
Phone:  912-344-4294
Fax:  912-344-4295
dondra@bassinjurylaw.com

*Counsel for Plaintiff*

Walgreen Co.
The Prentice Hall Corporation System, Inc.
40 Technology Parkway South, #300
Norcross, GA 30092

*Registered Agent for Defendant Walgreen Co.*

CVS Pharmacy, Inc.
CO Corporation Process Co.
2180 Satellite Blvd. Suite 400
Johns Creek, GA 30097

*Registered Agent for Defendant CVS Pharmacy, Inc.*

Christian J. Steinmetz III
Gannam, Gnann & Steinmetz LLC
Post Office Box 10085
Savannah, GA 31412-0285
Phone:  (912) 232-1192
cjs@ggsattorneys.com

*Counsel for Defendant Claxton-Graves, Inc.*

*/s/ Patrick T. O'Connor*
PATRICK T. O'CONNOR
Georgia Bar No. 548425

Case 4:17-cv-00089-WTM-BKE   Document 1   Filed 05/17/17   Page 14 of 14