**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| PATRICIA BOWERS, as Legal Guardian to NAJEE FOREMAN, | |
| Plaintiff, | Civil Action File No. |
| v. | 4:17-CV-89 WTM/JEG |
| OTSUKA AMERICA PHARMACEUTICAL, INC., ET AL., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

## 1. PROCEEDINGS AND FORM OF INFORMATION GOVERNED

1.1    This Protective Order ("Protective Order") shall govern any document, information or other thing that is designated as containing "Confidential Information," as defined herein, and is furnished by any party or non-party to any party in connection with Case No. 4:17-CV-89 WTM/JEG (referred to herein as "this action"). The Parties intended to be bound by this Protective Order include:

      a.    Plaintiff Patricia Bowers, as legal guardian to Najee Foreman;

      b.    Defendant Bristol-Myers Squibb Company; and

      c.    Defendant Otsuka America Pharmaceutical, Inc.

1.2    For purposes of this Order, "document" is accorded its broadest possible meaning, and includes, without limitation, the whole page or file or any portion thereof of any written, printed or graphic matter, and any computer file, record or

tape produced by or obtained from any party or non-party, any electronically stored information, or any copy, extract, or complete or partial summary prepared therefrom, and any document or thing covered by Fed. R. Civ. P. 34.

## 2. TYPES OF MATERIALS THAT MAY BE DESIGNATED "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

2.1    A party or non-party may designate as "Confidential – Subject to Protective Order" all or any portion of the following materials that contain Confidential Information (as defined in Paragraph 2.2): documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information, and/or other written information produced in response to discovery requests in this litigation by any party (hereinafter, collectively, "Discovery Material").

2.2    Confidential Information includes any Discovery Material that the designating party reasonably and in good faith believes not to be in the public domain and to contain any (1) trade secrets or other information of a non-public nature the release of which is considered by the designating party to be commercially harmful or personally sensitive, confidential and/or proprietary; (2) other proprietary research, analysis, development, marketing, financial or commercial information, including without limitation information the release of which is deemed commercially harmful or personally sensitive; or (3) protected health information, which has the same definition as set forth in 45 CFR § 160.103. Examples of such Confidential Information may include, but are not limited to the designating party's:

a. Customer names;

b. Current proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development (not to include disseminated marketing materials or materials that, on its face, was published to the general public);

c. Personnel records;

d. Financial information not publicly filed with any federal or state regulatory authorities or not contained within any publicly available quarterly or annual reports;

e. Private medical information that identifies a person unless such identifying information is redacted;

f. Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure;

g. All material, data and information excerpted from Confidential Information.

2.3    Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, or analyses that paraphrase, extract, or contain Confidential Information and any electronic image or database containing Confidential Information are subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

# 3. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

3.1    All information designated as "Confidential – Subject to Protective Order" is to be used solely for the purpose of this action and not for any other purpose.

3.2    All materials containing Confidential Information must be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under the Protective Order

3.3    Access to information marked "Confidential – Subject to Protective Order" is limited to, and only to, the following "qualified persons":

    a.    The parties listed in Paragraph 1.1 including the employees and staff of such parties;

    b.    Outside attorneys of record to any party in this action and, if the attorney of record is a member of a law firm, the employees and staff of the law firm (collectively "Outside Counsel"), provided that before any such person is permitted access to any of the Confidential Information, such person must be informed of the existence and contents of this Protective Order;

    c.    Organizations (e.g., jury research consultants, graphics consultants, and case and documents management consultants) retained by a party or Outside Counsel to provide litigation support services in this action, provided that before any such person is permitted access to any of the Confidential information, such person must be informed of the existence and contents of this Protective Order and execute a

declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order;

d.     Independent experts and consultants retained in this action by a party or Outside Counsel (including both testifying and non-testifying experts), insofar as Outside Counsel may deem it necessary for the preparation or trial of this case to consult with such experts or consultants, provided that each such expert or consultant is informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order;

e.     The Court, its personnel, and any court reporters, stenographers, and videographers involved in taking or transcribing testimony in this action;

f.     Special Masters, Settlement Masters, Mediators and their staff enlisted by the parties to assist in the resolution of this matter;

g.     A person identified in the document marked "Confidential – Subject to Protective Order" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "Confidential – Subject to Protective Order";

h.     A deponent or witness at a deposition or pre-trial hearing, provided that each such deponent or witness is informed of the existence and

contents of this Protective Order and best efforts have been undertaken to have the witness execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order, or consent under oath on the record to abide by its provisions; and

i.   Such other persons as hereafter may be designated by written agreement in this action or by order of the Court.

3.4    Notwithstanding the provisions in Paragraph 3.3 above, Confidential Information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information or to any author or recipient of the Confidential Information unless a different result is agreed to by counsel for the parties.

3.5    Nothing in this Order precludes a party from introducing into evidence at an evidentiary hearing, motion hearing, or trial any Confidential Information that is admissible under applicable law, subject to the provisions of this Order.

3.6    If a party or non-party reasonably and in good faith believes that the disclosure of extremely sensitive Confidential Information to any person other than Outside Counsel for a party would create a substantial risk of serious harm that could not be avoided by less restrictive means, the party or non-party may further designate such Confidential Information as "Outside Attorneys' Eyes Only." The Attorneys' Eyes Only designation refers to such documents, data, and other materials that the party or non-party believes in good faith contain information of such a confidential or sensitive nature as to pose a significant risk

of (i) undue harm to the business or personal reputation of any individual or entity (whether or not a party to the litigation) or (ii) unnecessary disclosure of trade secrets, proprietary or commercial information, competitive business information, or statutorily confidential information. In addition to the protections provided herein for Confidential Information, any documents or information designated as "Outside Attorneys' Eyes Only" must not be disclosed to the individuals identified in subparagraphs (a) or (d) of Paragraph 3.3 above, except (i) bona fide outside consultants and experts who are or may be retained to analyze the documents or information contained therein and who are not either current or former employees of a competitor of the Defendants or currently involved in the design, development, or manufacturing of psychiatric drugs for a competitor of the Defendants, (ii) any witness who had prior, authorized access to the particular documents or information pursuant to his or her assigned job duties and in the ordinary course of business, or (iii) persons or organizations for whom a party is legally obligated to disclose information. Regarding current consultants of competitors of producing party, disclosure may be made to those consultants who merely provide lectures or presentations to the public (such as speaker programs or grand rounds) or who merely receive funding from a competitor as an investigator in clinical trials for psychiatric drugs so long as the consultant does not also participate in the design, development, or manufacturing of psychiatric drugs for that competitor. All information designated as "Outside Attorneys' Eyes Only" is to be used solely for purposes of this action and not for any other purpose. Consultants who may receive documents or

information designated as "Outside Attorneys' Eyes Only" pursuant to this provision must be informed of the existence and contents of this Protective Order and execute a declaration, in substantially the same form attached hereto as Exhibit A, agreeing to be bound by the terms of the Protective Order.

**4.     DESIGNATION OF INFORMATION AS "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" OR "OUTSIDE ATTORNEYS' EYES ONLY"**

4.1     If a party or non-party reasonably and in good faith believes that information produced in this action contains Confidential Information, that party may designate the information as "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only," as appropriate.

4.2     The designation of information as "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only" must be made at the following times:

a.     For documents and things, at the time of the production of the documents or things. In the event a producing person or party elects to produce documents and things for inspection pursuant to Fed. R. Civ. P. 34(b), however, no designation need be made prior to inspection. For purposes of the inspection, all documents must be considered "Outside Attorneys' Eyes Only" until any such materials are produced. On request for copying, the producing person or party must designate such documents with the appropriate confidentiality marking;

b.      For written responses to interrogatories or requests for admissions, at the time of the written response;

c.      For declarations and pleadings, at the time of the filing of such declaration or pleading or as otherwise required by the Court.

d.      For deposition testimony, at the time of the testimony or within 30 days after receipt by the designating party of the final transcript of the deposition unless counsel agree to a different period (all deposition testimony is to be presumptively treated as "Outside Attorneys' Eyes Only" during that 30-day period), as set forth in Paragraph 4.3(e), below; and

e.      For oral disclosures (other than deposition testimony), through confirmation in writing within 10 days of the disclosure thereof.

4.3      The designation of Confidential Information must be made as follows:

a.      For documents, by placing a legend on each page of such document reading "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only," as appropriate;

b.      For tangible objects, by placing a label or tag on the object or the container therefore, or if not practicable, as otherwise agreed;

c.      For written responses to any individual interrogatory or individual request for admission, in writing in the text of the individual response thereto. Nothing herein prevents a responding party from designating all interrogatory or request responses as confidential;

d.    For declarations or pleadings, in writing on the face of any such declaration or pleading;

e.    Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery are to be treated as "Outside Attorneys' Eyes Only" for a period of 30 days or as many days as the parties agree to, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for the deponent, or any party or counsel to any party, to notify all parties of any Confidential Information contained therein. Such Confidential Information contained in deposition testimony must be designated by page and line number, and video cassettes, DVDs, or other storage media must be labeled in accordance with the provisions of this Order. The court reporter must include on the cover page of each deposition a clear indication that the deposition contains Confidential Information. Any document designated as "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only" that is marked as an exhibit in any deposition must be treated according to the designation of that document prior to the deposition; and

f.    For other oral disclosures, through confirmation in writing within 10 days of the disclosure.

4.4     It is the duty of the designating party to indicate to the other party and its attorney of record which of the materials and testimony are considered Confidential Information.

4.5     In the event that documents are inadvertently disclosed without proper confidentiality designation, either party retains the right to subsequently re-designate those inadvertently disclosed documents after notifying the opposing party. Each party agrees to exercise good faith in properly designating documents at the time they are disclosed.

## 5.     FILING UNDER SEAL

5.1     All information designated as "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only" that is filed or lodged with the Court shall be filed or lodged in accordance with the Local Rules, including the procedures set forth in Local Rule 79.7.

## 6.     DEPOSITION PROCEDURES

6.1     At any deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information, counsel will have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified in Paragraphs 3.3 or 3.6 hereof, as applicable, who have access to the appropriate category of information, leave the deposition room during the Confidential portion of the deposition.

**7. USE OF CONFIDENTIAL INFORMATION AT TRIAL**

7.1     In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to whether such material continues to be Confidential, the parties will meet and confer to resolve such dispute. The offering party must give advance notice of at least fifteen (15) business days before the hearing or trial to the party or non-party that designated the information prior to offering the information so that any use or disclosure may be addressed by the parties through meet-and-confer efforts or in accordance with the Court's case management or other pre-trial order, or by a motion *in limine*.

**8. INADVERTENT PRODUCTION OF POTENTIALLY PRIVILEGED INFORMATION**

8.1     Pursuant to Federal Rule of Evidence 502(b), the inadvertent production of any privileged or otherwise protected information will not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, as to the inadvertently produced document and any related material. Similarly, the production of information without an appropriate designation of confidentiality will not be deemed a waiver or acknowledgment as to the confidential or responsive nature of any inadvertently produced document and any related material.

8.2     The producing party may notify the receiving party promptly, in writing, on discovery that a document has been produced that the producing party believes to

contain privileged and/or work product material. In the event that the producing party wishes to assert privilege over a document being used by the receiving party during a deposition, this notification may be accomplished orally, and the producing party must confirm the document's recall in writing within two business days from the date of the deposition. The written notice of the recall of privileged material must be accompanied by a log articulating the privilege basis for each privileged document.

8.3    On receipt of written notice from the producing party that privileged and/or work product material has been inadvertently produced as contemplated in Paragraph 8.2 above, the receiving party must promptly segregate such material from the non-privileged production and evaluate the articulated privilege claims. Except as provided in Paragraph 8.4 below, all recalled documents and all copies thereof must be destroyed or returned to the producing party within ten (10) business days of receipt of the written recall, and the receiving party must not use such information for any purpose. The receiving party also must attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

8.4    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party may — within 10 business days of receipt of the notice of disclosure — move the Court for an Order compelling production of the Inadvertently Disclosed Information ("Disclosure Motion"). The receiving party must file a motion with the Court requesting permission to file the Disclosure Motion under seal. Pending resolution of the Disclosure Motion, the receiving party must not use the challenged information in any way or disclose it to  any

person other than those required by law to be served with a copy of the sealed Disclosure Motion. On any such Disclosure Motion, the producing party retains the burden of establishing its privilege or work product claims. Nothing in this paragraph limits the right of any party to petition the Court for an in camera review of the inadvertently disclosed information.

8.5 If any inadvertently disclosed information is subject to a Disclosure Motion, the receiving party will sequester that information and any copies thereof pending resolution of the Disclosure Motion and must not use or disclose the inadvertently disclosed information until the claim is resolved. In the event that the Court rules that the information is privileged, the receiving party must return or destroy such information and any and all notes, memoranda, reproductions that concern or reflect such information.

**9. RESOLUTION OF DISPUTES REGARDING DESIGNATION OF "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" OR "OUTSIDE ATTORNEYS' EYES ONLY" INFORMATION**

9.1 If any party disagrees with the designation of any Discovery Material as "Confidential – Subject to Protective Order," or "Outside Attorneys' Eyes Only," that party will provide written notice to all other parties to this action, and the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to will continue to be treated as initially designated by the designating party pending resolution of the parties' dispute. If the dispute can be resolved, all parties will promptly be informed of the resolution.

9.2     If the dispute cannot be resolved informally, the designating party may file a motion with the Court seeking an order that the Confidential Information subject to the dispute remain confidential. The designating party bears the burden of persuading the Court that the information is in fact "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only" within the definition(s) of those term(s) set forth above. Failure of the designating party to file such a motion within 60 days from receipt of written notice, or longer as agreed by the parties and approved by the Court, waives the designating party's objections.

9.3     Entering into, agreeing, and/or complying with the terms of this Order will not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source.

## 10.    REDACTIONS

10.1    To protect against unauthorized disclosure of Confidential Information, and to comply with all applicable state and federal laws and regulations, the producing party will redact from produced documents, materials and other things, the following items:

      a.    The names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying information of third parties, including patients, health care providers, and individuals, in clinical studies or adverse event reports. Other general identifying information, however, such as patient or health provider numbers, may not be redacted unless required by state or federal law, and

      b.    The Social Security numbers, tax identification numbers and other personal identifying information of employees in any records.

10.2    Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of third-party patients and the names of any third-party patients that are not redacted must be treated as Confidential, regardless of whether the document containing such names is designated as Confidential Information.

10.3    The producing party may redact wholly irrelevant information about products that are not at issue in this action. Such redactions will be reflected in a log and will note that the redaction is of non-responsive information about products that are not at issue in this action.

10.4    Notwithstanding any of the foregoing provisions, nothing contained herein will be construed as a waiver of a party's ability to challenge such redactions. The burden as to the propriety of any redaction remains on the producing party at all times.

## 11.    AUTHORIZATIONS AND "FIRST LOOK"

11.1    Plaintiff agrees to sign authorizations sufficient to allow Defendants to collect records that are related to the allegations in the Complaint and any related defenses. Defendants will use a third-party vendor, RecordTrak, to collect the records and will bear the cost of collecting the records through RecordTrak. Upon receipt, RecordTrak will upload the records onto its database, to which both Plaintiff and Defendants will have access.

11.2    Plaintiff will have a three business day "first look" period during which Plaintiff (but not Defendants) will be able to access the records. During this three-day period, Plaintiff may object to and/or redact only information that she has a good faith belief is wholly irrelevant to the Complaint. Plaintiff must provide a log substantively explaining the legal basis for any objection/redaction.

11.3    Defendants may challenge any objection/redaction and reserve all rights to pursue the full, unredacted copy of any record.

11.4    Absent objection/redaction, the records will be released to Defendants after the three business day first look period.

**12.    REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS**

12.1    If any party has obtained Confidential Information under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, such party must promptly notify the designating party, including in such notice the date set for the production of such subpoenaed information along with copies of the requests, subpoena, or order. The subpoenaed party must not produce any Confidential Information prior to the date specified for production in the subpoena unless in response to an order of a court of competent jurisdiction (other than the subpoena or other compulsory process) compelling the subpoenaed party to produce the Confidential Information. The party subject to subpoena or compulsory process, however, has no duty to appear or resist any application or motion seeking to compel production of such Confidential Information unless its appearance is warranted or necessary to aid or permit the designating party to challenge the subpoena or resist production of its Confidential Information.

**13.    PARTY'S OWN INFORMATION**

13.1    The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a non-party. A party is free to do whatever it desires with its own Confidential Information, provided that any dissemination of

Confidential Information by the party that owns the Confidential Information may lead to the loss of that information's confidential status.

13.2     Nothing herein imposes any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

## 14.     APPLICABILITY OF ORDER TO THIRD PARTIES

14.1     In the course of this action, the parties may attempt to discover documents and information from Third Parties. Any Third Party from whom discovery is sought by the parties may avail itself of the protections and limitations of disclosure provided for in this Order. The Third Party must identify any Confidential Information produced in accordance with this Order. By so availing itself of the protections and limitations provided for in this Order, any such Third Party must submit to the jurisdiction of the Court for all matters relating to or arising out of this Order as provided in Paragraph 16.

14.2     The parties hereby agree to treat any material properly designated Confidential produced by a Third Party in accordance with the terms of this Order. The parties must reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any Third Party.

## 15.    NO WAIVER

15.1    Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, does not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action.  Such rights include, but is not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets of any party.

15.2    The procedures set forth herein do not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims. This Order does not relieve a party of the necessity of properly responding to discovery devices.

## 16.    NO PROBATIVE VALUE

16.1    This Protective Order does not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "Confidential – Subject to Protective Order" under this Protective Order is not in any way suggestive of what a trier of fact may determine to be confidential or proprietary.

16.2    This Protective Order is without prejudice to the right of any party to bring before the Court the question of (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any

particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.

16.3    Absent a stipulation of all parties, the fact that information has been designated "Confidential – Subject to Protective Order" or "Outside Attorneys' Eyes Only" under this Protective Order is not admissible during the trial of this action, nor will the jury be advised of such designation. The Parties agree that the issue of how the "Confidential – Subject to Protective Order" and "Outside Attorneys' Eyes Only" stamps placed on documents that are designated confidential pursuant to this Protective Order will be treated during the trial of this action will be addressed by subsequent stipulation of the Parties or by the Court's pre-trial order or subsequent case management order.    The fact that any information is disclosed, used or produced in discovery or trial herein is not admissible and must not be offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

## 17.    TERMINATION OF LITIGATION

17.1    Within 60 days of the final disposition of this action, whether by judgment and exhaustion of all appeals, or by settlement, attorneys of record must:

> a.    Destroy or return to the producing party, or its attorney of record, materials produced or designated as Confidential Information in their possession, custody or control or in the possession, custody or control of their staff, excluding attorney work product, which will remain subject to the protective order;

b. Ensure that all the materials produced or designated as Confidential Information in the possession, custody or control of their experts and consultants are destroyed, or returned to the producing party or its attorney of record;

c. Deliver to the producing party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, on receipt of which the producing party may make application to the Court for such further order as may be appropriate.

17.2 Notwithstanding the foregoing, one designated outside attorney of record for each party may maintain in its files one copy of each of the following to the extent that it consists of or contains Confidential Information: pleading, affidavit, affirmation, certification, declaration, motion, memorandum, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court, expert report, attorney work product, and consultant and expert work product and court transcript in this action.

**18. ENFORCEMENT OF THIS PROTECTIVE ORDER AND JURISDICTION**

18.1    This Protective Order survives the final conclusion of this action, and this Court has jurisdiction to enforce this Protective Order beyond the conclusion of this action.

18.2    The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Protective Order.

**19. MODIFICATION OF THIS PROTECTIVE ORDER**

19.1    This Protective Order does not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order does not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

19.2    Nothing in this Order prejudices the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order on due notice to all other parties and affected non-parties in the form of a written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

It is SO ORDERED, this 20th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

I,_____, declare that:

1.  My address is_____,
    and the name and address of my present employer is

    _____

    _____.

2.  My title is _____.

3.  I have received a copy of the Stipulated Protective Order (the "Protective Order")
    in this action, *Foreman v. Otsuka America Pharmaceutical, Inc., et al.*, Case No.
    4:17-CV-89 WTM/JEG.

4.  I have carefully read and understand the provisions of the Protective Order,
    agree to be bound by them, and specifically agree I will not use or disclose to
    anyone any of the contents of any Confidential Information received under the
    protection of the Protective Order in violation thereof.

5.  I understand that I am to retain all copies of any of the materials that I receive
    which have been so designated as Confidential Information in a container,
    cabinet, drawer, room, or other safe place in a manner consistent with the
    Protective Order and that all copies are to remain in my custody until I have
    completed my assigned or legal duties. I will return all Confidential
    Information which comes into my possession or which I have prepared relating
    thereto to counsel for the party by whom I am retained. I acknowledge that
    such return or the subsequent destruction of such materials shall not relieve
    me from any of the continuing obligations imposed upon me by the

Protective Order.

6. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed this_____day of_____20____at_____in the State of _____.

By:_____